United States District Court
Southern District of Texas
**ENTERED**
September 20, 2019
David J. Bradley, Clerk

United States District Court      Southern District of Texas

| | | |
|---|---|---|
| Ognjen Novakovic, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | Civil Action H-19-02557 |
| | § | |
| William Barr, | § | |
| U.S. Attorney General, et al. | § | |
|    Respondents. | § | |

## Memorandum and Recommendation

Ognjen Novakovic filed his petition for writ of habeas corpus by mail on July 10, 2019. He was in custody at an Immigration and Customs Enforcement contract detention facility when he filed it. Novakovic argued in his petition that his continued detention without a foreseeable removal date was unconstitutional. As relief he sought immediate release and attorney's fees.

Novakovic has been released under supervision. (D.E. 8.) While he was in "custody" for purposes of 28 U.S.C. § 2241 when he filed his petition, his release renders his petition moot. *See Sosa v. United States*, 504 F. App'x 353, 353–54 (5th Cir. 2013) (unpublished); *see also Avulov v. Bureau of Immigration & Customs Enf't*, No. CV B-07-227, 2008 WL 11388552, at *2 (S.D. Tex. May 27, 2008), *report and recommendation adopted*, No. CV B-07-227, 2008 WL 11388558 (S.D. Tex. June 18, 2008). The court therefore recommends that Novakovic's petition be dismissed.

Because the court is recommending that Novakovic's petition be dismissed as moot, he is not a prevailing party and cannot recover

attorney's fees. *Ward v. Dearman*, 626 F.2d 489, 492 (5th Cir. 1980); *see Dunster Live, LLC v. LoneStar Logos Management Co.*, 908 F.3d 948, 951 (5th Cir. 2018). Further, "attorney's fees simply are not available to pro se litigants under the Equal Access to Justice Act." *Hexamer v. Foreness*, 997 F.2d 93, 94 (5th Cir. 1993).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases[1]; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 19, 2019.

Peter Bray
United States Magistrate Judge

---

[1] The district court may apply Rules Governing Section 2254 to actions filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.